IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BRANDON WARD STRATTON,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:16-CR-453 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

　　　　"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

The parties dispute whether Defendant has exhausted his administrative remedies. Even assuming that he has, the Court finds that Defendant has failed to demonstrate extraordinary and compelling reasons to support his request.

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[2]  Relevant here, the Sentencing Commission has stated that family circumstances such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" may constitute an extraordinary and compelling reason for release.[3]

Defendant's Motion and the attached letters reference the difficulties his wife, children, and mother are facing during the pandemic. While these circumstances are admittedly difficult, they are not unique to Defendant and fail to rise to the level of extraordinary and compelling reasons for release.

Even if Defendant could demonstrate extraordinary and compelling reasons, he has failed to show that he is no longer a danger to the community or that his release comports with the factors set out in 18 U.S.C. § 3553(a). Defendant has a serious criminal history that includes a number of convictions related to the distribution of controlled substances. The offense at issue

---

[2] 28 U.S.C. § 944(t).

[3] U.S.S.G. § 1B1.13, Application Note 1(C)(i). While this commentary has not been amended since the passage of the First Step Act, the Tenth Circuit continues to refer to it in deciding motions under § 3582(c). *United States v. Pinson*, ---F. App'x---, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020)).

here involved the repeated distribution of controlled substances. In addition, Defendant had access to a large number of firearms while engaging in this conduct. Finally, Defendant has incurred disciplinary actions while in custody. These facts demonstrate that release is not appropriate. Moreover, the Court believes that Defendant's imminent anticipated transfer to the halfway house will help prepare him to fully reenter society.

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 46) is DENIED.

DATED this 13th day of January 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge